## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FURUKAWA ELECTRIC NORTH AMERICA, INC.; OFS FITEL LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-cv-11219-RGS |
| v. | ) ) | |
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND COUNTERCLAIMS

Defendant Yangtze Optical Fibre and Cable Company Ltd. ("YOFC" or "Defendant") answers the allegations contained in each numbered paragraph of the Complaint of plaintiffs Furukawa Electric North America, Inc. ("Furukawa") and OFS Fitel LLC ("OFS") (collectively, "Plaintiffs"), as follows:

### Nature of the Action

1.   The allegations in paragraph 1 of the Complaint, titled "Nature of the Action," are merely characterizations and conclusions of law to which no response is required.  To the extent a response is required, YOFC denies the allegations contained in paragraph 1 of the Complaint.

### Parties

2.   YOFC lacks sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint, and accordingly denies the same.

3.   YOFC lacks sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint, and accordingly denies the same.

{B0503515; 3}

-2-

4. YOFC admits only that it is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located in Wuhan, China. YOFC denies any remaining allegation in paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. No answer is required to the allegations contained in paragraph 5 of the Complaint because they purport to state conclusions of law.

6. No answer is required to the allegations contained in paragraph 6 of the Complaint because they purport to state conclusions of law. To the extent a response is required, YOFC denies the allegations contained in paragraph 6 of the Complaint.

7. No answer is required to the allegations contained in paragraph 7 of the Complaint because they purport to state conclusions of law. To the extent a response is required, YOFC denies the allegations contained in paragraph 7 of the Complaint.

## Factual Background Jurisdictional Facts

8. YOFC lacks sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint, and accordingly denies the same.

9. YOFC admits the allegations contained in paragraph 9 of the Complaint.

10. The document referenced in paragraph 10 of the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 10 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies the remaining allegations contained in paragraph 10 of the Complaint.

11. YOFC admits that it exports certain of its manufactured products from China into the United States. The document referenced in paragraph 11 of the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 11 to the extent

-3-

that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies the remaining allegations contained in paragraph 11 of the Complaint.

12. YOFC denies the allegations contained in paragraph 12 of the Complaint.

13. No answer is required to the allegations contained in Paragraph 13 of the Complaint because they purport to state conclusions of law, otherwise, denied.

**The Patents**

14. No answer is required to the allegations contained in paragraph 14 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 14 and attached as Exhibit C to the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 14 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, YOFC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, accordingly, denies the same.

15. No answer is required to the allegations contained in paragraph 15 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 15 and attached as Exhibit D to the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 15 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, YOFC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, accordingly, denies the same.

16. No answer is required to the allegations contained in paragraph 16 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 16 and attached as Exhibit E to the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 16 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, YOFC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, accordingly, denies the same.

17. No answer is required to the allegations contained in paragraph 17 of the Complaint because they purport to state conclusions of law. The patent referenced in paragraph 17 and attached as Exhibit F to the Complaint is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 17 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. To the extent a response is required, YOFC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, accordingly, denies the same.

## Claims for Relief

### Count I
### (Infringement of the '322 Patent)

18. YOFC hereby repeats its responses to paragraphs 1-17 of the Complaint.

19. YOFC denies the allegations contained in paragraph 19 of the Complaint.

20. YOFC denies the allegations contained in paragraph 20 of the Complaint.

21. YOFC denies the allegations contained in paragraph 21 of the Complaint.

22. YOFC denies the allegations contained in paragraph 22 of the Complaint.

23. YOFC denies the allegations contained in paragraph 23 of the Complaint.

## Count II
### (Infringement of the '816 Patent)

24. YOFC hereby repeats its responses to paragraphs 1-23 of the Complaint.

25. YOFC denies the allegations contained in paragraph 25 of the Complaint.

26. YOFC denies the allegations contained in paragraph 26 of the Complaint.

27. YOFC denies the allegations contained in paragraph 27 of the Complaint.

28. YOFC denies the allegations contained in paragraph 28 of the Complaint.

29. YOFC denies the allegations contained in paragraph 29 of the Complaint.

## Count III
### (Infringement of the '047 Patent)

30. YOFC hereby repeats its responses to paragraphs 1-29 of the complaint.

31. YOFC denies the allegations contained in paragraph 31 of the Complaint.

32. YOFC denies the allegations contained in paragraph 32 of the Complaint.

33. YOFC denies the allegations contained in paragraph 33 of the Complaint.

34. YOFC denies the allegations contained in paragraph 34 of the Complaint.

35. YOFC denies the allegations contained in paragraph 35 of the Complaint.

## Count IV
### (Infringement of the '881 Patent)

36. YOFC hereby repeats its responses to paragraphs 1-35 of the Complaint.

37. YOFC denies the allegations contained in paragraph 37 of the Complaint.

38. YOFC denies the allegations contained in paragraph 38 of the Complaint.

39. YOFC denies the allegations contained in paragraph 39 of the Complaint.

40. YOFC denies the allegations contained in paragraph 40 of the Complaint.

41. YOFC denies the allegations contained in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Even if Plaintiffs were entitled to relief from YOFC, which entitlement YOFC denies, Plaintiffs have waived any right to relief from YOFC.

### Third Affirmative Defense

Plaintiffs are estopped by their conduct, or by that of others, from any recovery herein against YOFC.

### Fourth Affirmative Defense

Plaintiffs are barred from recovery herein by operation of the doctrine of laches.

### Fifth Affirmative Defense

Plaintiffs are barred from recovery herein because of the existence of an actual or implied license.

### Sixth Affirmative Defense

United States Patent No. 4,820,322 (the "'322 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '322 Patent.

### Seventh Affirmative Defense

The '322 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '322 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Eighth Affirmative Defense

The '322 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

**Ninth Affirmative Defense**

United States Patent No. 4,909,816 (the "'816 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '816 Patent.

**Tenth Affirmative Defense**

The '816 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '816 Patent and prior art would have been obvious to one having ordinary skill in the art.

**Eleventh Affirmative Defense**

The '816 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

**Twelfth Affirmative Defense**

United States Patent No. 5,298,047 (the "'047 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '047 Patent.

**Thirteenth Affirmative Defense**

The '047 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '047 Patent and prior art would have been obvious to one having ordinary skill in the art.

**Fourteenth Affirmative Defense**

The '047 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

**Fifteenth Affirmative Defense**

United States Patent No. 5,418,881 (the "'881 Patent") is invalid, void, or unenforceable under 35 U.S.C. § 102 to the extent prior art anticipates the alleged inventions of the '881 Patent.

### Sixteenth Affirmative Defense

The '881 Patent is invalid, void, or unenforceable under 35 U.S.C. § 103 to the extent that the differences, if any, between the subject matter of the alleged inventions of the '881 Patent and prior art would have been obvious to one having ordinary skill in the art.

### Seventeenth Affirmative Defense

The '881 Patent is invalid, void, or unenforceable for failing to comply with the requirements of 35 U.S.C. § 112.

### Eighteenth Affirmative Defense

Plaintiffs cannot recover from YOFC because YOFC has not directly or indirectly infringed, or induced or contributed to the infringement of the '322 Patent literally or under the doctrine of equivalents.

### Nineteenth Affirmative Defense

Plaintiffs cannot recover from YOFC because YOFC has not directly or indirectly infringed, or induced or contributed to the infringement of the '816 Patent literally or under the doctrine of equivalents.

### Twentieth Affirmative Defense

Plaintiffs cannot recover from YOFC because YOFC has not directly or indirectly infringed, or induced or contributed to the infringement of the '047 Patent literally or under the doctrine of equivalents.

### Twenty-First Affirmative Defense

Plaintiffs cannot recover from YOFC because YOFC has not directly or indirectly infringed, or induced or contributed to the infringement of the '881 Patent literally or under the doctrine of equivalents.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs, YOFC alleges as follows:

### Parties

1. Defendant YOFC is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located in Wuhan, China.

2. On information and belief, Plaintiff Furukawa is a Delaware corporation with its principal place of business in Norcross, Georgia.

3. On information and belief, Plaintiff OFS is a Delaware limited liability company with its principal place of business in Norcross, Georgia. On further information and belief, OFS is a wholly-owned subsidiary of Furukawa.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and 35 U.S.C. § 282.

5. Plaintiffs have submitted themselves to the jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. An actual controversy exists between YOFC and Plaintiffs concerning the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, which controversy requires a declaration of rights by this Court. This controversy relates to the validity and alleged infringement of the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, each of which are alleged to be owned by Furukawa and licensed exclusively to OFS, and each of which have been asserted against YOFC. Plaintiffs have filed a complaint in this judicial district alleging infringement of the '322 Patent, the '816 Patent, the '047 Patent, and the '881 Patent, by YOFC.

### First Counterclaim
### Declaratory Judgment of Noninfringement of the '322 Patent

8.  YOFC has not directly or indirectly infringed, or induced or contributed to the infringement of the '322 Patent literally or under the doctrine of equivalents.

### Second Counterclaim
### Declaratory Judgment of Noninfringement of the '816 Patent

9.  YOFC has not directly or indirectly infringed or induced or contributed to the infringement of the '816 Patent literally or under the doctrine of equivalents.

### Third Counterclaim
### Declaratory Judgment of Noninfringement of the '047 Patent

10. YOFC has not directly or indirectly infringed or induced or contributed to the infringement of the '047 Patent literally or under the doctrine of equivalents.

### Fourth Counterclaim
### Declaratory Judgment of Noninfringement of the '881 Patent

11. YOFC has not directly or indirectly infringed or induced or contributed to the infringement of the '881 Patent literally or under the doctrine of equivalents.

### Fifth Counterclaim
### Declaratory Judgment of Invalidity of the '322 Patent

12. The '322 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Sixth Counterclaim
### Declaratory Judgment of Invalidity of the '816 Patent

13. The '816 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Seventh Counterclaim
### Declaratory Judgment of Invalidity of the '047 Patent

14. The '047 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

### Eighth Counterclaim
### Declaratory Judgment of Invalidity of the '881 Patent

15. The '881 Patent is invalid for failing to comply with conditions and requirements for patentability as set forth in United States Patent laws, 35 U.S.C. §§ 101, *et seq.*

**WHEREFORE**, YOFC prays for relief as follows:

a. That the Court dismiss all of the claims alleged in the Complaint in their entirety with prejudice;

b. That the Court declare all claims of United States Patent No. 4,820,322 invalid;

c. That the Court declare all claims of United States Patent No. 4,909,816 invalid;

d. That the Court declare all claims of United States Patent No. 5,298,047 invalid;

e. That the Court declare all claims of United States Patent No. 5,418,881 invalid;

f. That the Court declare that YOFC has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 4,820,322;

g. That the Court declare that YOFC has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 4,909,816;

h. That the Court declare that YOFC has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 5,298,047;

i. That the Court declare that YOFC has not infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent No. 5,418,881;

j. That the Court deem this an exceptional case entitling YOFC to an award of attorneys' fees pursuant to 35 U.S.C. § 285;

k.      That the Court award YOFC its costs and reasonable expenses and attorneys' fees in connection with this action; and

l.      That the Court award YOFC such other and further relief as the Court deems just and proper.

 

YANGTZE OPTICAL FIBRE AND
CABLE CO. LTD.,

By its attorneys,

Dated:  April 4, 2006                               /s/ Richard S. Sanders
                                              Richard S. Sanders (BBO No. 562014)
*rsanders@sandw.com*
Samual A. Miller (BBO No. 648568)
*smiller@sandw.com*
Joyce L. Tong (BBO No. 662253)
*jtong@sandw.com*
Adam J. Gopin (BBO No. 663511)
*agopin@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)